# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**EARL T. SHANNON,** individually and as Personal Representative of the **ESTATE OF STARR T. SHANNON,** deceased, **JOHN J. SHANNON,** individually, **PAUL T. SHANNON,** individually, **MARK R. SHANNON,** individually, and **FOUR STARR GROUP, LLC,** a Florida Limited
Liability Company,
Appellants,

v.

**H & R HYDRO-PULL, INC.,** d/b/a **H & R POWER SYSTEMS,** a Florida corporation,
Appellees.

Nos. 4D16-1781
and 4D16-1782

[October 25, 2017]

Consolidated appeals and cross-appeal of non-final and final orders from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John Thomas Luzzo, Judge; L.T. Case No. CACE 09-053431 (09).

Alexander D. Brown of The Concept Law Group, P.A., Fort Lauderdale, for appellant/cross-appellee.

E. Scott Golden of Golden Law, Fort Lauderdale, for appellee/cross-appellant.

PER CURIAM.

We agree with appellant Earl Shannon that the final judgment is ambiguous in that it appears to create a double recovery from both Earl Shannon, individually and the estate of his mother, Starr T. Shannon. Appellee H & R Hydro-Pull, Inc. is entitled to recover a total of $17,043.54 in principal jointly from Earl Shannon, individually, and Starr T. Shannon's estate. H & R cannot recover the same damages twice. We remand that portion of the final judgment to clarify that Earl Shannon, individually and Earl Shannon, as the Personal Representative of the Estate of Starr T. Shannon, are jointly liable for $17,043.54.

We reverse the order granting summary final judgment to the defendants on H & R's lien foreclosure action. The claim of lien was recorded October 1, 2008. The trial court granted summary judgment on the ground that the lien was not filed within 90 days of H & R's final furnishing of labor, services, or materials. *See* § 713.08(5), Fla. Stat. (2008). The facts on summary judgment are viewed in the light most favorable to the non-moving party. Viewed under this standard, H & R did not complete performance of the contract until it submitted all documentation required by the Town of Davie in August or September, 2008. Using either date, the lien was timely recorded.

On the issues of prejudgment interest and attorney's fees against the estate, it does not appear that, apart from pleading for these things, H & R filed a motion seeking those items in the circuit court. Thus it waived its entitlement to these items. *See Tribeca Lending Corp. v. Real Estate Depot, Inc.,* 42 So. 3d 258, 264 (Fla. 4th DCA 2010) (claim for prejudgment interest was waived when raised for the first time on appeal).

We have considered the other issues raised on appeal and find them to be without legal merit.

*Affirmed in part; reversed in part and remanded.*

GROSS, CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**